UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEOPHILUS A. KNIGHT, JR.,

Plaintiff,

-against-

GEORGE A. OCASIO; ERIC GONZALEZ; NEW YORK CITY DEPARTMENT OF PROBATION; JOHN/JANE DOES 1-10,

Defendants.

26-CV-4081 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in connection with enforcement proceedings in the Bronx County Family Court. By order dated June 26, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff leave to replead his claims in an amended complaint. The Court also denies Plaintiff's motion for preliminary injunctive relief.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

[1] Plaintiff filed this action without the $405.00 in fees or an IFP application. By order dated May 19, 2026, Chief Judge Laura Taylor Swain directed Plaintiff to cure this deficiency. (ECF 4.) Plaintiff filed an IFP application on June 18, 2026.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against Bronx County Family Court Support Magistrate George A. Ocasio; New York State Administrative Judge Eric Gonzalez; the New York City Department of Probation; and ten John/Jane Does. The following allegations are drawn from the complaint and Plaintiff's motion for preliminary injunctive relief.[2] Plaintiff is "involved" in proceedings before the Bronx County Family Court. (ECF 1, at 1.) He alleges that "[o]rders and enforcement notices were allegedly delayed, incompletely served, or disputed as to proper notice." (*Id.*) Plaintiff "pursed objections and appellate remedies in good faith," but "[d]espite ongoing procedural disputes and appellate activity, enforcement escalated toward threatened warrant issuance." (*Id.*) On an unspecified date, Plaintiff "received a Notice of Warrant stating that a warrant would be issued if Plaintiff failed to appear on June 11, 2026." (ECF 2, at 1.) Plaintiff asserts that the warrant should not issue because "procedural disputes remain

[2] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original documents unless noted otherwise.

unresolved, including disputes related to service, notice, appellate review, and findings concerning [his] ability to pay." (*Id.*)

In the complaint, Plaintiff requests an injunction "preserving the status quo" and "preventing incarceration or warrant execution pending review." (ECF 1, at 1.) In his motion for preliminary injunctive relief, Plaintiff seeks an order "preventing warrant issuance, arrest, incarceration, or probation pending further review." (ECF 2, at 2.)

## DISCUSSION

### A. Rule 8

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

Here, Plaintiff's complaint does not comply with Rule 8. Plaintiff alleges that, in the course of unspecified Family Court proceedings, unidentified judges issued orders and notices, which Plaintiff alleges were not properly served, and that an unidentified individual threatened to issue a warrant if Plaintiff failed to appear in court. Although Plaintiff asserts claims under the Due Process Clause, he alleges no facts suggesting that his due process rights have been violated. It is unclear to the Court, and would be unclear to any responding defendant, what viable claims and plausible supporting facts Plaintiff is alleging against which defendants. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims in an amended complaint that complies with Rule 8 and the standards set forth below.

**B. Official capacity claims against Judges Ocasio and Gonzalez**

Plaintiff states that he is asserting official-capacity claims against Bronx County Family Court Support Magistrate George A. Ocasio and 12th Judicial District Administrative Judge Eric Gonzalez. To the extent Plaintiff is asserting claims for declaratory or retrospective injunctive relief against these defendants, the Court must dismiss these claims under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in

federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "To the extent that a state official is sued . . . in [her] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Thus, the Eleventh Amendment also precludes claims against individual state officials, in their official capacities, for damages, retrospective injunctive relief, and retrospective declaratory relief. *See Green*, 474 U.S. at 72-74; *Halderman*, 465 U.S. at 101-02; *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022).

Judges of the State of New York, when sued in their official capacities, also enjoy Eleventh Amendment immunity. *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122-23 (2d Cir. 2020) (affirming dismissal of suit against New York State judges for damages pursuant to the Eleventh Amendment), *abrogated on other grounds*, *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); *Sundwall v. Leuba,* 28 F. App'x 11, 12 (2d Cir. 2001) (applying Eleventh Amendment immunity to state court judges); *Martinez v. Queens Cnty. Dist. Atty.*, No. 12-CV-06262 (RRM) (RER), 2014 WL 1011054, at *8 n.8 (E.D.N.Y. Mar. 17, 2014) ("[P]laintiff's claims against the state courts and the individual judges, to the extent that plaintiff

is suing the judges in their official capacities, are barred under the Eleventh Amendment."), *aff'd*, 596 F. App'x 10 (2d Cir. 2015); *McKnight v. Middleton,* 699 F.Supp.2d 507, 521–23 (E.D.N.Y.2010) (dismissing claims asserted against Kings County family court and family court judge in her official capacity on sovereign immunity grounds); *cf. Gollomp*, 568 F.3d at 366 ("[T]he New York State Unified Court System is an arm of the State . . . and is therefore protected by Eleventh Amendment sovereign immunity.").

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

To the extent Plaintiff is asserting claims for retrospective injunctive relief and retrospective declaratory relief against Ocasio and Gonzalez in their official capacities, those claims are barred by the Eleventh Amendment and dismissed for lack of subject matter jurisdiction.[3] *See* Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

[3] Under the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citations omitted). To the extent Plaintiff seeks prospective injunctive or declaratory relief against Ocasio and Gonzalez in their official capacities, those claims are barred by the doctrine of judicial immunity, as discussed below.

### C. Judicial immunity

Plaintiff attempts to assert claims for prospective injunctive relief against Bronx County Family Court Support Magistrate Ocasio and Administrative Judge Gonzalez. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Newsome v. Scheininger*, No. 24-CV-5265 (VSB), 2024 WL 4467415, at *4 (S.D.N.Y. Oct. 10, 2024) ("[T]he 1996 Amendments to Section 1983 bar Plaintiff's claims for injunctive relief against [the defendant]. Plaintiff's remedy, if any, was to pursue his appeal rights within the state court system, and he cannot obtain injunctive relief from this Court under Section 1983."); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory

relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Here, Plaintiff fails to allege any facts showing that Ocasio or Gonzalez acted beyond the scope of their judicial responsibilities or outside their jurisdiction.[4] *See Mireles*, 509 U.S. at 11-12. In fact, Plaintiff does not mention either of these Plaintiffs in the complaint at all. To the extent that either or both of these judges issued or attempted to enforce the orders mentioned in the complaint, such actions are "acts arising out of, or related to, individual cases before [them]," and the judges therefore enjoy judicial immunity. *Bliven*, 579 F.3d at 210. Plaintiff may not seek injunctive and declaratory relief against these judges because he alleges no facts suggesting that either judge violated a declaratory decree, that declaratory relief was unavailable, or that an appeal is unavailable.

The Court therefore dismisses Plaintiff's claims against Ocasio and Gonzalez as barred by the doctrine of judicial immunity and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Claims against the Department of Probation**

Plaintiff's claims against the New York City Department of Probation must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of

---

[4] District courts within this Circuit have applied the doctrine of judicial immunity to New York Family Court Support Magistrates, like Ocasio. *See, e.g.*, *Herbert v. Cattaraugus Cnty.*, No. 17-CV-248S, 2017 WL 5300009, at *5-6 (W.D.N.Y. Nov. 13, 2017); *Cruz v. New York*, No. 5:17-CV-0510, 2017 WL 6021838, at *17-18 (N.D.N.Y. Oct. 27, 2017), *report & recommendation adopted*, 2017 WL 6001833 (N.D.N.Y. Dec. 4, 2017); *Corrado v. N.Y. Office of Temporary & Disability Assistance*, No. 15-CV-7316, 2016 WL 3181128, at *4-5 (E.D.N.Y. June 2, 2016). Although Plaintiff describes Gonzalez as an "Administrative Judge," nothing in the complaint suggests that Gonzalez was acting in an administrative capacity, rather than a judicial capacity.

any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

To the extent that, by suing the Department of Probation, Plaintiff intended to sue the City of New York, the Court dismisses those claims. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges no facts suggesting that a policy, practice, or custom of the City of New York violated his federal constitutional rights. In fact, Plaintiff alleges no facts at all with respect to how the City of New York or the Department of Probation are involved in the events

giving rise to his claims. The Court therefore dismisses Plaintiff's clams against the Department of Probation, construed as asserted against the City of New York, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E. *Younger* abstention**

To the extent that Plaintiff asks this Court to intervene in any child support proceedings that are pending in a state court, such as the Bronx County Family Court, in which Plaintiff is a party, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of this *Younger* abstention doctrine has been extended to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). It applies to claims for injunctive relief and declaratory relief sought, in the federal court, that would cause that court to intervene in any of those types of state court proceedings. *See Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000). Courts have held that pending state court child support proceedings involve at least one of the circumstances mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied. *See, e.g.*, *Porter v. Onondaga Cnty. Family Court*, 5:25-CV-0881, 2025 WL 2612819, at *2 (N.D.N.Y. Aug. 21, 2025) ("State court child custody and child support proceedings involve at least one of the circumstances mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied"); *Hart v. Office of the Attorney General – Child Support Div.*, No. 1:24-CV-3123 (LTS), 2024 WL 3696366, at *3 (S.D.N.Y. July 31, 2024) (citing

cases); *Tomczyk v. N.Y. Unified Court Sys.*, No. 19-CV-2753, 2019 WL 2437849, at *3 (E.D.N.Y. June 10, 2019); *Gravagna v. Eisenpress*, No. 19-CV-0700 (CM), 2019 WL 1469289, at *2 (S.D.N.Y. Apr. 2, 2019).

Plaintiff appears to ask this Court to intervene in his ongoing state court child support proceedings, but he has not alleged any facts showing that bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to those proceedings. The Court therefore dismisses any claims in which he asks this Court to intervene in his ongoing state court child support proceedings under the *Younger* abstention doctrine.[5]

**F. Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

[5] Plaintiff also asks the Court to issue an order "preventing incarceration or warrant execution," presumably as a result of his failure to comply with orders of the Family Court. (ECF 1, at 1.) To the extent criminal proceedings have been initiated against Plaintiff, and he is asking the Court to enjoin those proceedings, such claims are also barred by the *Younger* abstention doctrine.

**G. Motion for preliminary injunctive relief**

Plaintiff has filed a motion for a temporary restraining order and preliminary injunction. To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

For the reasons discussed above, Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. The Court therefore denies Plaintiff's request for preliminary injunctive relief.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it is unclear whether

Plaintiff could allege facts that would cure the deficiencies identified above, in light of his *pro se* status, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified in this order.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim, and under the doctrines of judicial immunity and *Younger* abstention. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies Plaintiff's request for preliminary injunctive relief. (ECF 2.)

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 15, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.